Tarek Isaak Mentouri
1801 Glade Street
Nashville, TN 37207
Tmento01@gmail.com
770-895-5046

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

TAREK ISAAK MENTOURI, )  CV: 03-20 1098
    Plaintiff, ) **COMPLAINT FOR DISCRIMINATION**
vs. ) **IN VIOLATION OF THE AMERICANS**
) **WITH DISABILITIES ACT**
THE JOINT CORP., d/b/a )
THE JOINT CHIROPRACTIC ) (JURY DEMAND)
MANAGEMENT COMPANY; )
)
101 WELLNESS VENTURES, )
PLLC, )
)
    Defendants )

## NATURE OF THE ACTION

1. Plaintiff Tarek Isaak Mentouri ("Mentouri") brings this action to halt and seek redress for the unlawful discrimination pursuant to the Americans with Disabilities Act by The Joint Corp. and 101 Wellness Ventures PLLC (collectively "defendants") Mentouri is afflicted with Asperger Syndrome and Tourette Syndrome, conditions that U.S. law prohibits public places of business and recreation from discriminating against individuals based on said afflictions.

## PARTIES

2. Mentouri is a resident of Nashville, Tennessee and has been such a resident throughout the time of the events leading to this complaint.

1

3. The Joint Corp., d/b/a The Joint Chiropractic Management Company, is a corporation engaged in the business of offering personal services at over 500 chiropractic offices in 33 states. Its principal place of business is located at 16767 N. Perimeter Drive, Suite 110; Scottsdale, AZ 85260. Defendant can be served with process through C T Corporation System (C0168406), 818 West Seventh Street, Suite 930; Los Angeles, CA 90017.

4. 101 Wellness Ventures, aka BDM Wellness Ventures 1, LLC, is the owner and operator of the Joint Chiropractic clinic in question. The company principally does business in Tennessee. It's principal office is located at 401 S. Mount Juliet Rd., Ste. 245; Mount Juliet, TN 37122-8473. Defendant can be serve with process through William B. Goodman, aka Barry Goodman, 1731 Mallory Lane #109, Brentwood, TN 37027-7986.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

6. Venue and personal jurisdiction in this District are proper because the Plaintiff resides in the District, and the acts in controversy occurred within the District. Defendants do and transact business within the District and throughout the United States.

## FACTUAL ALLEGATIONS

7. Mentouri was a patient at The Joint Chiropractic in Brentwood, Tennessee. He'd been a patient since 2016 without issue.

8. Mentouri received a phone call from Dr. Ryan Footit on August 23, 2020. Dr. Footit said Mentouri is no longer welcome at The Joint Chiropractic because Mentouri makes "loud sounds" when the doctors are working on his back. There were incidents

2
Case 3:20-cv-01098   Document 1   Filed 12/22/20   Page 2 of 6 PageID #: 2

that the doctors laughed at Mentouri when he allegedly made the "loud sounds." But Mentouri continued seeing the doctors at the Joint Chiropractic as it is necessary for his overall health and well-being.

9. Mentouri received a letter from Dr. Footit confirming "discharge from care." **See Attached Exhibit A (Footit letter)**. The letter, however, did not state the reason for the discharge that was given by phone. The letter did not state a reason at all. Mentouri suffers from Asperger Syndrome, a developmental disorder that effects his ability to socialize and communicate. Aspergers is on the autism spectrum. Mentouri, due to his condition, is sometimes unaware of his social surroundings.

10. Mentouri also suffers from involuntary motor movements from time to time due to the foregoing, and Tourette Syndrome. Despite these conditions, Mentouri has lived a relatively normal life due to diligence with treatments and counseling for his conditions.

11. Mentouri's conditions had not affected his treatment schedule with The Joint Chiropractic at any point until August 23, 2020. He was blindsided by being discharged from care because of his disabilities. The actions by the Defendants violate, *inter alia*, Title III of the Americans with Disabilities Act.

12. Mentouri served the Defendant s a notice of claim on September 17, 2020. The 30-day deadline expire without a response from the Defendants.

### FIRST CLAIM FOR RELIEF

**Violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12182)**

13. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

14. Title III of the Americans with Disabilities Act ("ADA") provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." See 42 U.S.C. § 12182(a). The professional office of a health care provider is a public accommodation. 42 U.S.C. § 12181(7)(F).

15. Mentouri has two physical and mental impairments that substantially limits one or more major life activities and a record of such impairments exists. 42 U.S.C. § 12102(1).

16. Mentouri suffers from both Asperger Syndrome and Tourette Syndrome. A Title III ADA claim must prove three elements:

- that Plaintiff is disabled within the meaning of the ADA;
- that the Defendant owns, leases, or operates a place of public accommodation; and
- that Plaintiff was denied public accommodation by the Defendant due to his or her disability.

17. A Plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atlantic Corp.*, 550 U.S. at 570 (2007).

18. This complaint lays out a set of facts that Plaintiff can prove, and entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41, 46, 78 S. Ct. 99, 102 (1957); Fed. R. Civ. P. 12(b)(6).

## SECOND CLAIM FOR RELIEF

**Discrimination Under Federal Grants and Programs (29**

19. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

20. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. See 29 U.S.C. § 794(a).

21. Program or activity is defined as an entire corporation, partnership, or other private organization, or an entire sole proprietorship if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole. See See 29 U.S.C. § 794(b)(3)(A)(i).

22. The Joint Chiropractic received $2.7 million in federal funds in April under the CARES Act Paycheck Protection Program provision. **See Attached Exhibit B (Press Release)**. The Paycheck Protection Program is part of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, a federal stimulus program signed into law on March 27, 2020[1].

23. Mentouri was otherwise qualified to receive services from Joint Chiropractic since the company provided said services for nearly four years until its discrimination based on Mentouri's disabilities.

### THIRD CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

24. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

---

[1] https://home.treasury.gov/policy-issues/cares/assistance-for-small-businesses

25. The elements of an intentional infliction of emotional distress claim, as articulated by the Tennessee Supreme Court, are that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196 (2012).

26. The defendants laughing and belittling the Plaintiff because of his disabilities, and their subsequent barring him from receiving further services, caused the Plaintiff unnecessary anxiety, depression and physical pain.

## **PRAYER FOR RELIEF**

27. Plaintiff respectfully prays for the following relief:

   1. An award of appropriate compensatory and punitive damages under the ADA and Rehabilitation Act, for the intentional discrimination against the Plaintiff
   2. An award of compensatory and punitive damages for the state claim of intentional infliction of emotional distress.
   3. Any other relief that this Honorable Court deems appropriate.

28. A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted on this 22nd day of December, 2020

Tarek Isaak Mentouri
1801 Glade Street
Nashville, TN 37207
Tmento01@gmail.com
770-895-5046
PRO SE PLAINTIFF