IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAREK ISAAK MENTOURI )<br>)<br>    v. )<br>)<br>THE JOINT CORP., d/b/a THE JOINT )<br>CHIROPRACTIC MANAGEMENT )<br>COMPANY, et al. ) | NO. 3:20-01098 |

**TO:** Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered January 5, 2021 (Docket Entry No. 6), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 8) filed by Defendant The Joint Corp. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that The Joint Corp. be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(6) and 21.

## I. BACKGROUND

Tarek Isaak Mentouri ("Plaintiff") is a resident of Nashville, Tennessee. In this lawsuit, he asserts that he was a patient at a chiropractic clinic in Brentwood, Tennessee called "The Joint Chiropractic" ("the Brentwood Clinic") since 2016 until he was discharged in August 2020 from care at that clinic and several other clinics operated by The Joint Chiropractic. *See* Amended Complaint (Docket Entry No. 7) at 3. He alleges that he received a written discharge letter, dated August 23, 2020, that did not contain a reason for his discharge but that, prior to the letter, he had

received a phone call from Dr. Ryan Footit during which he alleges that Dr. Footit informed him that he was no longer welcome at the clinic because he "makes loud sounds" when chiropractic procedures are being performed on him. *Id.* Plaintiff further alleges that doctors at the clinic had laughed at him when he allegedly made loud sounds. *Id.*

Plaintiff asserts that he suffers from Asperger's Syndrome and Tourette's Syndrome, afflictions which affect his ability to socialize and communicate and which cause him to have involuntary motor movements. *Id.* Believing that his discharge from care was an act of discrimination against him due to his disabilities, he filed this *pro se* lawsuit on December 22, 2020, raising the following claims: (1) a claim of disability discrimination under Title III of the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12182, (2) a claim of disability discrimination under Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794(a), and (3) a claim of intentional infliction of emotional distress under state law. *Id.* at 4-6. Plaintiff seeks compensatory and punitive damages and demands a jury trial. *Id.* at 7.

Named as defendants are: (1) The Joint Corp., d/b/a The Joint Chiropractic Management Company ("The Joint Corp"), a corporation alleged by Plaintiff to be "engaged in the business of offering personal services at over 500 chiropractic offices in 33 states," *id.* at 2; (2) 101 Wellness Ventures, aka BDM Wellness Ventures 1, LLC ("101 Wellness"), alleged by Plaintiff to be the owner and operator of the Brentwood Clinic; and, (3) Nashville Phoenix, PC ("Nashville Phoenix"), a corporation alleged to be owned by Dr. Footit. *Id.* at 1-2. Defendants Nashville Phoenix and 1010 Wellness have filed separate answers. *See* Docket Entry Nos. 15 & 16. In lieu of an answer, The Joint Corp. has filed the pending motion to dismiss. There are no other motions pending in the action.

2

## II. MOTION TO DISMISS AND RESPONSE

Defendant The Joint Corp. seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. It argues that it is a separate and distinct legal entity from both 101 Wellness Ventures and Nashville Phoenix, is not the owner of the Brentwood Clinic, and does not employ Dr. Footit. The Joint Corp contends that it took no action, adverse or otherwise, against Plaintiff and that Plaintiff fails to state a claim for relief against it on any of the three asserted claims. Attached to the motion to dismiss are a copy of a printout of corporate filing information from the Tennessee Secretary of State indicating that The Joint Corp. does not operate under any assumed names, *see* Exhibit A (Docket Entry No. 9-1), and a copy of Plaintiff's intake forms at the Brentwood Clinic, which state that "[t]his clinic is owned and operated by 101 Wellness Ventures 2, PLLC, and managed by JCG Ventures of Clarksville, LLC". *See* Exhibit B (Docket Entry No. 9-2).

Plaintiff responds by first asserting that he was not served with a copy of the motion by mail and that he did not receive electronic service of the motion because he is not a registered user of the Court's electronic EM/ECF filing system. He asserts that this failure of service is grounds to deny the motion and also supports the assessment of sanctions on Defendant. *See* Response in Opposition (Docket Entry No. 12) at 1. Plaintiff then notes that the information from the Tennessee Secretary of State indicates that The Joint Corp.'s had a status of "Inactive - Revoked Administrative)" at the time the filing information was printed out. *Id*. at 2. Plaintiff also contends that the Brentwood Clinic is listed on search results for "Tennessee clinics" on The Joint Corp's website and that "[a]ll Joint Chiropractic franchises look the same, feel the same, and follow the same rules, policies, etch. handed down by the franchisor" and that discovery should

3

take place to determine the nature of The Joint Corp.'s relationship with the other Defendants. *Id*. at 4.[1] Attached to Plaintiff's response are several pages of printouts from what appears to be a search on The Joint Corp's website and printouts from the Secretaries of State for Tennessee, Delaware, and California, pertaining to The Joint Corp.'s corporate status and filings. *See* Docket Entry No. 12-1.

In reply, The Joint Corp. contends that Plaintiff fails to raise any viable legal arguments that rebut the motion to dismiss. *See* Reply (Docket Entry No. 14).

### III. STANDARD OF REVIEW

Defendant's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual grounds supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny*

---

[1] Plaintiff also argues that The Joint Corp. was properly served with process through its registered agent for service of process. However, the motion to dismiss does not include a defense based on lack of or improper service of process.

*Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

As an initial matter, the Court notes that both parties rely upon matters outside the pleadings in their respective arguments. Generally, review of a motion to dismiss under Rule 12(b)(6) is confined to consideration of the complaint, *see Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), and the assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

As such, the Court excludes from consideration the intake form Plaintiff signed with the Brentwood Clinic, which The Joint Corp. has filed as an exhibit, and the copies of screen shots from an internet website, which Plaintiff has filed as an exhibit. Although documents attached to a motion to dismiss may sometimes be considered if they are referred to in the complaint and are central to the claims contained therein, *see Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), the Court views neither of these exhibits as falling within the scope of the exception to the general rule of excluding consideration of matters outside the pleadings.

5

The Court will also exclude from consideration the various statements of fact made by the parties in their motion filings.[2] Additional facts that are asserted in the parties' filings on the motion to dismiss and that are not a part of the actual complaint should not be considered when deciding the motion. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 Fed.App'x 523, 541-42 (6th Cir. 2012); *Laporte v. City of Nashville*, 2019 WL 845413 at *3 (M.D.Tenn. Feb. 21, 2019). However, the Court may appropriately take judicial notice of the parties' submission of corporate filing information from the secretaries of state because these are public records. *See New Eng. Health Care Emples. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

Turning now to the merits of the motion to dismiss, the Court finds that Plaintiff's attempt to include The Joint Corp. in this lawsuit as a defendant who bears legal liability for the complained about actions and his asserted claims against The Joint Corp. are simply unsupported by the factual allegations of his Amended Complaint. Because Plaintiff fails to set out a plausible claim for relief against The Joint Corp., its motion to dismiss should be granted and The Joint Corp. should be dismissed from this lawsuit.

Plaintiff has set forth no factual allegations that support a viable claim under Title III of the ADA. Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. 42 U.S.C. § 12182(a). First and foremost, Plaintiff's Title III claim

---

[2] For example, The Joint Corp. asserts "[i]n fact, Plaintiff continues to receive treatments at other The Joint Chiropractic clinic locations in Middle Tennessee that are neither owned nor operated by The Joint Corp." *see* Memorandum of Law at 4, and Plaintiff asserts "[a]ll Joint Chiropractic franchises look the same, feel the same, and follow the same rules, policies, etc. handed down by the franchisor." *See* Response at 4.

6

Case 3:20-cv-01098 Document 17 Filed 07/21/21 Page 6 of 9 PageID #: 103

should be dismissed as to all Defendants because Title III does not authorize the remedy of monetary damages for a private party, such as Plaintiff, who sues for an alleged violation of Title III. *See Southwell v. Summit View of Farragut, LLC*, 494 Fed.App'x 508, 512 (6th Cir. 2012); *Smith v. Wal-Mart Stores, Inc.,* 167 F.3d 286, 293 (6th Cir. 1999).

Further, Title III of the ADA applies only to "any person who owns, leases (or leases to), or operates a place of public accommodation." *Id*. Accepting that the Brentwood Clinic is a place of public accommodation, there are no factual allegations in the amended complaint supporting a conclusion that The Joint Corp. "owns, leases (or leases to), or operates" the Brentwood Clinic. In fact, Plaintiff alleges in the amended complaint that it is Defendant 101 Wellness that is the owner and operator of the Brentwood Clinic. *See* Amended Complaint at 2, ⁋ 6. It is apparent that Plaintiff believes that liability may be assessed against The Joint Corp. under Title III because The Joint Corp. is a franchisor of the Brentwood Clinic. However, although the Sixth Circuit has yet to address the issue, the weight of lower authority within this Circuit, *see Reed v. Young Men's Christian Assn. USA*, 2008 WL 3852175 (M.D.Tenn. Aug. 15, 2008) (Trauger, J.); *United States v. Days Inns of Am., Inc.*, 22 F.Supp.2d 612, 617 (E.D. Ky. 1998), and authority from other Circuits, *see Pona v. Cecil Whittaker's Inc.,* 155 F.3d 1034, 1036 (8th Cir. 1998);[3] *Neff v. Am. Dairy Queen Corp.,* 58 F.3d 1063, 1066 (5th Cir. 1995), is that merely being a franchisor is an insufficient basis to support liability under Title III. *See also Willock v.*

---

[3] Although Plaintiff cites to *United States v. Days Inn of America, Inc.,*, 151 F.3d 822, 825 (8th Cir. 1998), for the proposition that the Eighth Circuit established a "significant degree of control" test for franchisor liability under the ADA, *Days Inn* addressed only the narrow issue of the ADA liability of a franchisor under Section 303 of Title III for failing to comply with the "design and construct" requirements of Title III and did not address the contours of discriminatory act liability that is at issue in Plaintiff's claim.

7

*Hilton Domestic Operating Co.*, 474 F.Supp.3d 938, 950-51 (M.D.Tenn. 2020) (noting in the context of an issue of personal jurisdiction that the actions of a franchisee are not attributable to the franchisor merely because of the franchisor-franchisee relationship). There are no factual allegations contained in the amended complaint that distinguish Plaintiff's claim against The Joint Corp. from these authorities and which set forth a plausible claim against The Joint Corp. under Title III.

Plaintiff's Rehabilitation Act claim fares no better. Even if the Court assumes as true that the alleged actions of the Brentwood Clinic amount to a violation of the Rehabilitation Act and that the Brentwood Clinic is an entity covered by the Rehabilitation Act, there are no factual allegations in the amended complaint that The Joint Corp. itself took any action against Plaintiff, let alone took action that was unlawful under the Rehabilitation Act. Once again, Plaintiff seeks to hold The Joint Corp liable as a franchisor for the action of a franchisee. However, Plaintiff has not offered a factual and legal basis for holding The Joint Corp. liable under the Rehabilitation Act because it is a franchisor.

Finally, Plaintiff's state law intentional infliction of emotional distress claim against The Joint Corp. is readily subject to dismissal. There are no facts alleged in the amended complaint showing that The Joint Corp. took any action toward Plaintiff, let alone action that was intentional or reckless, a necessary element of such a claim. To the extent that Plaintiff seeks to hold The Joint Corp. liable because it is a franchisor, such liability for tortious conduct of a franchisee or a franchisee's employees cannot be premised merely upon The Joint Corp.'s status as a franchisor. *See Gray v. McDonald's USA, LLC*, 874 F.Supp.2d 743, 752–53 (W.D. Tenn. 2012); *Raines v. Shoneys, Inc.*, 909 F.Supp. 1070, 1078 (E.D.Tenn. 1995).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

1) the motion to dismiss (Docket Entry No. 8) filed by The Joint Corp. be GRANTED and that The Joint Corp. be DISMISSED from this action; and,

2) Plaintiff's ADA claim be dismissed as to all Defendants for failure to state a legal claim for relief.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge