IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAREK ISAAK MENTOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-cv-01098 |
| ) | |
| THE JOINT CORP., d/b/a THE JOINT ) | JUDGE CAMPBELL |
| CHIROPRACTIC MANAGEMENT ) | MAGISTRATE JUDGE HOLMES |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 27). Through prior Order (Doc. No. 26), the Court granted Plaintiff an extension until December 1, 2021, to file objections to the Magistrate Judge's July 2021 Report and Recommendation (Doc. No. 17). For the reasons described below, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions, nor do they otherwise provide a basis to reject or modify the Report and Recommendation. Accordingly, the Court reaffirms its prior Order (Doc. No. 18) granting The Joint Corp.'s motion to dismiss and dismissing Plaintiff's ADA claim as to all Defendants.

In his objections, Plaintiff does not identify any specific factual or legal error the Magistrate Judge committed in determining that the Joint Corp.'s motion to dismiss should be granted or that his ADA claim should be dismissed as to all defendants for failure to state a legal claim for relief. Instead, Plaintiff appears to restate the argument he made in response to the Joint Corp.'s motion to dismiss, that the Joint Corp.'s relationship to the other defendants is an unresolved material issue that should be resolved through discovery, (*see* Doc. No. 12 at PageID # 60; Doc. No. 27 at

PageID #144), which the Magistrate Judge already considered in her Report and Recommendation. (*See* Doc. No. 17 at 3-4 ("Plaintiff also contends …. that discovery should take place to determine the nature of the The Joint Corp.'s relationship with the other Defendants.")). Thus, this objection does not provide a basis to reject or modify the Report and Recommendation. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Plaintiff also objects to arguments made by The Joint Corp. (*See* Doc. No. 27 at PageID #27). However, this objection is without merit because it fails to identify an error by the Magistrate Judge. *See Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff's request for leave to file a Second Amended Complaint is not properly before the Court because he failed to seek leave to amend from the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Moreover, Plaintiff fails to identify or describe the substance of the amendments he would make, as required by the Court's Local Rules. *See* Local Rule 15.01(a)(1).

The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE