IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TAREK MENTOURI | ) |
| | ) |
| v. | ) NO. 3:20-cv-01098 |
| | ) |
| THE JOINT CORP., d/b/a THE JOINT | ) |
| CHIROPRACTIC MANAGEMENT | ) |
| COMPANY *et al.* | ) |

**TO:** Honorable William L. Campbell, Jr., United States District Judge

# REPORT AND RECOMMENDATION

By Order entered January 5, 2021 (Docket Entry No. 6), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice.

Tarek Mentouri (APlaintiff@) is a former resident Nashville, Tennessee who currently resides in Duluth, Georgia. He filed this *pro se* lawsuit on December 22, 2020, raising disability discrimination claims under the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12182 and Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794(a), as well as a claim of intentional infliction of emotional distress under state law. *Id.* at 4-6. By Order entered December 29, 2021 (Docket Entry No. 28), the Court dismissed Plaintiff's ADA claims and all claims against one defendant, The Joint Corp., leaving two remaining defendants – 101 Wellness Ventures, PLLC, and Nashville Phoenix, PC. The two remaining defendants filed answers (Docket Entry Nos. 15 & 16) on April 2 and 6, 2021, respectively, and the deadlines set out in a scheduling order (Docket Entry No. 22) have expired. The last activity that occurred in the case was a change of address notice filed by Plaintiff on February 1, 2022 (Docket Entry No. 30).

It is well settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961). Further, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff, *see Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980), and Rule 41.01(a) of the Local Rules of Court states that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed."

Plaintiff has taken no substantive steps to prosecute his case since December 2021, when he objected to the recommendation for the dismissal of The Joint Corp. Although Plaintiff filed a change of address notice on February 1, 2022 (Docket Entry No. 30), no activity to move this case toward resolution has occurred in the case in approximately the last 20 months. Plaintiff's failure to advance the litigation evidences an abandonment of the case by him and has resulted in an unnecessary expenditure of resources by both the Court and the Defendants.

Given these facts, the Court finds that there is a clear record of a failure to prosecute the case on the part of Plaintiff and that the case has been dormant for an unreasonable amount of time. Dismissal of the action is warranted based on the Court's inherent authority to oversee its pending cases, and under Rule 41(b) and Local Rule 41.01(a).

# RECOMMENDATION[1]

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.